**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YANWEN LIU,

    Petitioner,

 v.

ERIC H. HOLDER, Jr., Attorney General,

    Respondent.

No. 11-73820

Agency No. A099-732-750

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:  GOODWIN, WALLACE, and GRABER, Circuit Judges.

  Yanwen Liu, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") denial of his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act of 2005. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on its negative demeanor finding, *see Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999), and the numerous inconsistencies between Liu's testimony, his witness's testimony, and the record evidence, *see Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010). In particular, Liu's testimony was inconsistent regarding his church attendance in the United States, his wife's address in China, the existence of his sister, how long and in what capacity he has known his witness, and what pastoral position, if any, his witness holds. *See Kin*, 595 F.3d at 1057. The agency properly rejected Liu's explanations for the inconsistencies. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). In the absence of credible testimony, Liu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Liu's CAT claim is based on the same testimony the agency found not credible, and the record does not otherwise compel the conclusion that it is

more likely than not that he will be tortured if returned to China, his CAT claim also fails. *See id.* at 1156-57.

Finally, we lack jurisdiction to review Liu's contention that the IJ's denial of a second continuance deprived him of due process because he failed to raise the issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (noting that due process challenges that are "procedural in nature" must be exhausted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

11-73820